# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ANDREW STEPP, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, *Plaintiff*, <br><br> v. <br><br> IMPACT SELECTOR, INC., *Defendant*. | CIVIL CASE NO. 3:14-4300 <br><br> COLLECTIVE ACTION |

# COMPLAINT

## SUMMARY

1.  Impact Selector, Inc. (Impact Selector) did not pay its Tool Technicians overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. Instead, Impact Selector paid them a salary plus day rate basis with no overtime pay for hours worked in excess of 40 in a workweek. This collective action seeks to recover the unpaid overtime wages and other damages owed to these employees.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because Impact Selector's U.S. headquarters are in this Division and many of the relevant facts described in this Complaint occurred in this District and Division.

## PARTIES

4. Plaintiff Andrew Stepp (Stepp) is employed by Impact Selector as a Tool Technician. His written consent is attached.

5. Impact Selector is a Louisiana corporation with its principal office located in Heath, Texas.

6. The "Class Members" are Tool Technicians employed by Impact Selector within the past 3 years.

## FACTS

7. Impact Selector is an oilfield services company providing specialized wireline jar tools and service to the drilling industry.[1]

8. Impact Selector's gross annual revenues have exceeded $5,000,000 for at least each of the last three years.

9. Impact Selector's revenue exceeds the FLSA's $500,000 threshold for enterprise coverage.

10. Impact Selectors employs more than 100 workers.

11. Among these workers are "Tool Technicians" (also known as "Wireline Technicians").

12. Impact Selector's Tool Technicians, including Stepp, are employees who work "on land, offshore (Gulf of Mexico) and international rig locations."[2]

13. Tool Technicians' primary duty is to maintain, run and support Impact Selector's tools in the field.

---

[1] https://www.youtube.com/watch?v=eZ4eA-AARJU (Impact Selector, Inc. promotional video)
[2] http://www.impactselector.com/Personnel/NowHiring.aspx (visited 12/4/2014).

14. Impact Selector "deploy[s] a skilled technician on every Open-Hole job and when necessary, on Cased Hole operations."[3]

15. Tool Technicians "pre-run testing procedures, adjusting jar settings in accordance with well conditions, preparing mechanical and electrical components as needed, installing safety clamps, and more."

16. Impact Selector's employees routinely use, handle, sell, or work on Impact Selectors' wireline tools.

17. Impact Selectors' wireline tools were produced for interstate commerce or actually traveled in interstate commerce.

18. Tool "[T]echnicians are also available to perform on-site demonstrations, training, and project supervision with other Impact Selector tools."

19. Tool Technicians' work is blue-collar in nature.

20. Impact Selector employed Stepp since August 2012.

21. Impact Selector paid Stepp and the Class Members a bi-monthly salary plus, under certain circumstances, a day rate, with no overtime pay.

22. Stepp's salary was approximately $2,500 a month, or $30,000 a year.

23. Stepp's day rate was approximately $250 a day.

24. Stepp and the Class Members regularly worked in excess of the FLSA's forty-hour weekly threshold for overtime pay.

25. Specifically, Stepp and the Class Members usually worked seven days per week, in excess of twelve hours per day.

26. For example, Stepp often provided 24 hour a day rig site support for weeks on end.

27. During his work schedule, Stepp lived at the rig site.

---

[3]    http://www.impactselector.com/AboutISI.aspx (visited 12/4/2014).

28. During these 24 hour a day shifts, Stepp was expected to respond to customer needs within a few moments.

29. The Class Members worked similar hours on similar schedules.

30. Impact Selectors did not have an agreement with Stepp or the Class Members to exclude meal periods or sleeping time from work time.

31. Stepp and the Class Members regularly worked in excess of 84 hours per week.

32. Although it is well-known that blue-collar oilfield workers such as Impact Selector's Tool Technicians are not exempt from overtime pay under the FLSA, Impact Selector did not pay Stepp or the Class Members overtime as by the FLSA for hours worked in excess of 40 in a workweek.

33. Impact Selector did not keep the required records of the hours Stepp and the Class Members worked.

34. Although Impact Selector did not keep records of the hours Stepp and the Class Members worked, Impact Selector knew they worked many hours in excess of forty per week and that they were not paid overtime.

35. Impact Selectors knows of the FLSA's overtime requirements.

### COLLECTIVE ACTION ALLEGATIONS

36. In addition to Stepp, Impact Selector employed the Class Members.

37. The Class Members, who were all employed as Tool Technicians, performed the job duties described in this Complaint.

38. Like Stepp, the Class Members also regularly worked 24 hours shifts for days on end with no overtime pay.

39. Impact Selectors paid all of its Tool Technicians were paid according to the same pay plan as Stepp (as described in this Complaint).

40. Thus, the Class Members are similarly situated to Stepp because they performed similar job duties and were subject to the same unlawful payroll practice as Stepp.

41. Impact Selector employed several dozen of the Potential Class Members over the last 3 years.

42. The Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

**All Tool Technicians employed by Impact Selector since December 6, 2011.**

### CAUSE OF ACTION

43. By failing to pay Stepp and the Class Members overtime at one-and- one-half times their regular rates, Impact Selector violated the FLSA's overtime provisions.

44. Impact Selector owes Stepp and the Class Members overtime wages equal to at least one-half times their regular rates for each overtime hour they worked during the 3 year period prior to filing their consent forms.

45. As the facts pleaded in this Complaint suggest, Impact Selector knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA.

46. Accordingly, Impact Selector's failure to pay overtime to Stepp and the Class Members was willful and Impact Selector owes them overtime wages for at least the past 3 years.

47. Impact Selector is liable to Stepp and the Potential Class Members for an amount equal to all unpaid overtime wages.

48. Stepp and the Potential Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Stepp prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Class Members;

2. Judgment awarding Stepp and the Class Members who join this collective action all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief to which Stepp and the Class Members are justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
James A. Jones
Texas Bar No. 10908300
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: 713.877.8788
Facsimile: 713.877.8065
rburch@brucknerburch.com
jjones@brucknerburch.com

| | | |
|---|---|---|
| IN RE: FLSA CLAIMS AGAINST: | ] | COLLECTIVE ACTION |
| | ] | |
| IMPACT SELECTOR, INC., ET AL. | ] | **NOTICE OF CONSENT** |
| | ] | |

I consent to be a party plaintiff in an action to collect unpaid wages. I agree to be bound by the Professional Services Agreement.

*Andrew Stepp*
—3D5929447482403...
Signature

Andrew Charles Stepp
Full Legal Name (print)

11/5/2014
Date